# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CONTRERAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.: 1:17-cv-01498-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner was convicted of a drug offense in this Court in 2001. He has since served his federal sentence and been released from custody. He now petitions for a writ of error coram nobis. As discussed below, the Court finds the petition should be dismissed because Petitioner has failed to satisfy the requirements for the highly unusual remedy of coram nobis.

## I.    PROCEDURAL HISTORY

On March 19, 2001, Petitioner was convicted in the United States District Court for the Eastern District of California, before Hon. Oliver W. Wanger, of one count of possession of pseudoephedrine with intent to manufacture methamphetamine, and aiding and abetting. (United States v. Contreras,

1  Case No. 1:00-cr-05165-OWW, Doc. No. 22.[1]) He was sentenced to a determinate term of 57 months in federal prison. (Id.) He completed his sentence and was released from custody.

He filed the instant petition for writ of error coram nobis on October 10, 2017. (Doc.1.) He moves to vacate or set aside and expunge the conviction because his plea was invalid, unintelligent and involuntary. It appears he is claiming that neither the trial court nor his attorney advised him that deportation was a possible consequence. He further claims that his plea was not knowing and intelligent because the Magistrate Judge misinformed him as to the nature of the charged crime. Finally, he challenges the validity of the statutes under which he was convicted.

**II.   DISCUSSION**

   A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

   B.  Standard for Writ of Error Coram Nobis

"Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005–06 (9th Cir. 2007). The Supreme Court characterized the writ as an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) ("'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

coram nobis ] would be necessary or appropriate.'") (quoting <u>United States v. Smith</u>, 331 U.S. 469, 475 n. 4 (1947)) (second alteration in original). The writ has been available to bring before the court only those fundamental "factual errors material to the validity and regularity of the legality of the proceeding itself, such as the defendants being under age or having died before the verdict." <u>Carlisle</u>, 517 U.S. at 429.

The Ninth Circuit has also described the writ as "extraordinary," <u>Hirabayashi v. United States</u>, 828 F.2d 591, 604 (9th Cir. 1997), "used only to review errors of the most fundamental character," <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002), and "fill[ing] a very precise gap in federal criminal procedure," <u>Telink, Inc. v. United States</u>, 24 F.3d 42, 45 (9th Cir. 1994). The Ninth Circuit adopted the following framework to determine when the writ should issue:

> [A] petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

<u>Hirabayashi</u>, 828 F.2d at 604.

C. <u>Analysis</u>

In this case, it is clear Petitioner has failed to satisfy the requirements for such an extraordinary remedy. The more usual remedy in this case would be to appeal the conviction to the appellate court, or to file a motion to vacate or set aside judgment in the sentencing court pursuant to 28 U.S.C. § 2255. Petitioner apparently failed to do so, and he provides no valid reason for waiting until now to seek relief. Clearly, he was or should have been well aware of the factual basis for his claim that his plea was not knowing and intelligent.

Moreover, Petitioner fails to show that the error is of "the most fundamental character." <u>Hirabayashi</u>, 828 F.2d at 604. Petitioner contends he was not advised that deportation was a possible consequence; however, the minutes of the sentencing hearing held on March 19, 2001, refute this claim and reflect that the Court in fact ordered deportation as one of the consequences. (<u>United States v. Contreras</u>, Case No. 1:00-cr-05165-OWW, Doc. No. 21.) He also claims the Magistrate Judge misinformed him of the nature of the charges. Transcripts of the change of plea hearing held on October 30, 2000, belie this claim. A review of the proceedings show Petitioner was fully informed of

the charges against him, and he knowingly and intelligently entered a guilty plea. (<u>United States v. Contreras</u>, Case No. 1:00-cr-05165-OWW, Doc. No. 29.) Petitioner also takes issue with various statutes under which he was charged and convicted; however, these claims are frivolous. In sum, none of Petitioner's claims are "errors of the most fundamental character." <u>Matus-Leva</u>, 287 F.3d at 760.

Consequently, the Court finds that the extraordinary writ of error coram nobis should not be available in this case.

### III. ORDER

It is hereby ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the Petition for Writ of Error Coram Nobis be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 8, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE