UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:17-cv-01498-DAD-JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO ALTER JUDGMENT<br><br>(Doc. Nos. 16, 17) |

On October 10, 2017, petitioner Alfonso Contreras filed a petition for a writ of error coram nobis. (Doc. No. 1.) On November 9, 2017, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed because petitioner did not satisfy the requirements for the granting of the highly unusual remedy of coram nobis. (Doc. No. 9.) On January 23, 2018, the court adopted the findings and recommendations in full and dismissed the petition. (Doc. No. 13.) On January 24, 2019, petitioner filed a motion for reconsideration of the judgment and a motion to alter or amend the judgment. (Doc. Nos. 16, 17.)

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent

1

manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

In his motion for reconsideration petitioner complains that the court had the wrong address on record for petitioner, as a result of which he did not receive the magistrate judge's findings and recommendations. However, Local Rule 182(f) specifically states that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address," and that "[a]bsent such notice, service of documents at the prior address . . . shall be fully effective." The fact that petitioner failed to update the court regarding the change in his address provides no basis for the granting of relief. In addition, the court has reviewed the arguments petitioner presented in his motions concerning his objections to the findings and recommendations. None of these arguments presented show an error of "the most fundamental character" that would merit the extraordinary remedy of coram nobis. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1997). Thus, the court finds no reason to reconsider or alter judgment entered in this case.

/////

For these reasons,

1. Petitioner's motion for relief from judgment (Doc. No. 16) is denied; and
2. Petitioner's motion to alter or amend the judgment (Doc. No. 17) is denied.

IT IS SO ORDERED.

Dated: **April 23, 2019**

UNITED STATES DISTRICT JUDGE